

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2022

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Terminate as moot.
SO ORDERED.
Dated: 7/18/2022

P. Kevin Castel
United States District Judge

Re:   *United States v. Asa Saint Clair,* **S1 19 Cr. 790 (PKC)**

Dear Judge Castel:

The Government respectfully writes to request that the Court preclude Asa Saint Clair, a/k/a "Asa Williams," a/k/a "Asa Sinclair," the defendant, from cross-examining a former employee of the World Sports Alliance ("Witness-1"), and a victim of the defendant's scheme ("Witness-2"), both of whom the Government expects to call at trial, with respect to topics not relevant to the instant offense or their credibility.  The criminal history and other potentially culpable conduct for Witness-1 was produced to the defendant on February 23, 2022 and March 2, 2022, and for Witness-2 was produced on February 23, 2022 and March 8, 2022.  The Government recently became aware that the defendant may seek to cross examine Witness-1 and Witness-2 regarding the conduct described below.[1]

### A. Witness-1's Criminal History and Other Conduct

Witness-1 has no criminal convictions.  From its conversations with Witness-1, the Government understands that Witness-1 engaged in the following conduct for which he was not prosecuted, and the following other potential misconduct, which is unrelated to this matter:[2]

- Witness-1 was arrested for driving under the influence of alcohol in or about February 2014.  The next month, Witness-1 was arrested for being a fugitive from justice after he failed to receive the summons that resulted from the DUI charge.  The charges were subsequently dropped.

---

[1] The Government produced criminal history and other potentially culpable conduct for its other witnesses during this time period as well.  The defendant has indicated that he does not intend to cross-examine these witnesses based on the disclosed conduct.

[2] Witness-1 made certain false statements during an interview with law enforcement agents conducted in October 2019.  The Government intends to illicit that fact on direct examination and is not seeking to preclude cross-examination regarding that conduct, which has been disclosed to the defense through the production of Witness-1's 3500 material.

1

- Witness-1 has engaged in personal use of controlled substances, include marijuana, cocaine, and MDMA.  Witness-1 uses marijuana approximately once or twice a week.[3]  Witness-1 uses cocaine and MDMA only on an occasional basis, approximately once or twice a year, although he used to do so approximately once a week.

- Approximately three years ago, Witness-1 solicited a prostitute while he was in Las Vegas, Nevada.

- Witness-1 shoplifted small items, worth less than $25, on occasion as a child.

### B.  Witness-2's Criminal History and Other Conduct

Witness-2, who is currently 32 years old, has no criminal convictions. From its conversations with Witness-2 and rap sheet, the Government understands that Witness-2 engaged in the following conduct for which charges were filed and then dropped, or for which he was not prosecuted, all unrelated to this matter:

- In or about 2009, Witness-2 was arrested on misdemeanor charges of battery and obstructing justice.  The charges arose from a domestic violence dispute with his then-wife.  In or about 2011 the charges were dropped, and according to Witness-2, the record expunged.

- In or about 2017, Witness-2 was arrested on misdemeanor charges of battery, arising from a domestic violence dispute with his then-wife and his mother.  Those charges were subsequently dropped.

- Witness-2 has occasionally used marijuana, with the most recent occasion occurring a few months ago. Witness-2 also sold a few ounces of marijuana in college, and used harder drugs in college.

- Witness-2 used a fake identification to buy alcohol and cigarettes when he was underage.

- Witness-2 has driven while intoxicated.

### C.  Applicable Law

Federal Rule of Evidence 608 sets forth the rubric for impeachment by evidence of specific instances of past conduct.  The rule provides that such instances may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."  Fed. R. Evid. 608(b).  However, the rule precludes the admission of extrinsic evidence to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness.  *Id.*

Federal Rule of Evidence 611 states that that a court should "protect witnesses from harassment or undue embarrassment," and that cross-examination "should not go beyond the

---

[3] Witness-1 resides in California, where such use is legal under state law.

subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611.

Evidence, including testimony sought to be elicited on cross-examination, must also satisfy Rule 403, which provides that a court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**D. Discussion**

    **a. Witness-1**

The Court should preclude cross-examination regarding Witness-1's prior criminal and other culpable conduct listed above, none of which is probative of Witness-1's character for truthfulness or any other legitimate line of inquiry. There is no probative value that outweighs the prejudicial effect of cross-examination regarding Witness-1's personal drug use or solicitation of a prostitute. Indeed, evidence as to drug use and solicitation of prostitutes is precisely the kind that risks inflaming and distracting the jury. *United States v. Amato*, 540 F.3d 153, 165 (2d Cir. 2008) (preclusion of questioning about witness's solicitation of prostitutes was "well within" district court's discretion); *Flythe v. District of Columbia*, 4 F. Supp. 3d 222, 229 (D.D.C. 2014) ("Courts have recognized that a witness's use of drugs is highly prejudicial and may be excluded when the witness' ability to perceive or recall facts is not legitimately at issue). The defendant should accordingly be precluded from eliciting that information.

Similarly, the defendant should be precluded from cross-examining Witness-1 on his uncharged conduct for stealing items of de minimis value when he was a child. This prior uncharged conduct does not fall within Rule 608 because it did not involve acts of dishonesty or false statements. It would, if charged, have resulted in, at most, a juvenile misdemeanor petit larceny conviction. *See* N.Y.P.L. § 155.25 ("person is guilty of petit larceny when he steal property"). And the Second Circuit has recognized that the elements of petit larceny do not require proving a dishonest fact or false statement. *See United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (holding that petit larceny does not bear directly on truthfulness for purposes of Rule 609(a)(2)); *United States v. Estrada*, 439 F.3d 606, 614 (no abuse of discretion in limiting scope of impeachment of witness on larceny convictions for shoplifting that did not "involve falsity or deceit"). Moreover, this one-off conduct occurred more than twenty years ago, and thus has no probative value to Witness-1's current propensity for truthfulness. *See United States v. Calderon-Urbina*, 756 F. Supp.2d 566, at *568 (S.D.N.Y. 2010) (petit larceny arrest that occurred twenty-one years ago was "too remote in time to be probative").

The Court should likewise preclude cross-examination as to Witness-1's arrests for driving under the influence and failing to appear, prior conduct which occurred more than ten years ago and involved no dishonesty or deceit. *See Estrada*, 439 F.3d at 614; *United States v. Edwards*, 156 F. App'x 954, 956 (9th Cir. 2005) ("misdemeanor DUI convictions are simply irrelevant to [witness] credibility"). Even if evidence of those arrests had some probative value, which they do not, in light of the ample other grounds available to the defendant for cross-examination, including Witness-1's false statements to law enforcement, any such probative value is more than

3

substantially outweighed by the risk of unfair prejudice and distraction. *See generally United States* v. *Singh*, 628 F.2d 758, 763 (2d Cir. 1980) (it is proper to constrain cross-examination where the jury is "already in possession of sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government").

### b. Witness-2

The Court should likewise preclude cross-examination regarding Witness-2's prior criminal and other culpable conduct listed above, none of which is probative of Witness-2's character for truthfulness or any other legitimate line of inquiry. For the same reasons described above, there is no probative value that outweighs the prejudicial effect of cross-examining Witness-2 regarding personal drug use and twelve-year old sale of a limited quantity of marijuana, or his driving while intoxicated.

Similarly, the defendant should be precluded from cross-examining Witness-2 on the domestic violence incidents. Those incidents have no bearing on Witness-2's character for truthfulness, and are entirely unrelated to this case. *See United States v. Walker*, 974 F.3d 193, 207 (2d Cir. 2020) (affirming preclusion of cross-examination of witness on domestic violence convictions as "consistent with our precedent establishing that violent crimes, however abhorrent, often are not crimes of dishonesty, and may not meaningfully reflect on a witness's truthfulness"); *United States v. Vargas*, No. 18 Cr. 76 (PAC), 2018 WL 6061207 (S.D.N.Y. Nov. 20, 2018).

Finally, the defendant should not be permitted to cross-examine Witness-2 on his use of a fake ID to purchase alcohol and cigarettes approximately twelve years ago, when he was underage. While a more recent use of false identification might render such conduct more probative of the witness's credibility, the use of a false identification card to purchase alcohol while a minor, over ten years ago, is minimally probative with respect to Witness-2's credibility and would result in unfair prejudice.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: ___/s/_____
Emily Deininger
Tara M. La Morte
Assistant United States Attorneys
(212) 637-2472 / 2238 / 1041

4