UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

ASA SAINT CLAIR,

Defendant.

Case No. 19-cr-790 (PKC)

*Motion DENIED SO ORDERED [signature] USDJ 10-15-25*

MOTION TO STAY EXECUTION OF REMAINING SENTENCE

Request for Expedited Consideration and Restoration of Travel Rights Pending Final Resolution of 28 U.S.C. § 2255 Motion

ASA SAINT CLAIR

*Pro Se Defendant*

817 14th Way SW

Edmonds, WA 98020

(646) 707-4527

asastclair@outlook.com

*Mailed to Saint Clair 10/15/25*

## INTRODUCTION

For six years, Asa Saint Clair has lived under the weight of a conviction that the record now shows was built on misrepresentations, suppression, and a collapse of adversarial integrity. He has served his custodial term, endured 3½ years of electronic monitoring, endured mentally and physically, and is now on supervised release — all under a judgment that is the subject of a fully briefed § 2255 motion supported by unrebutted documentary evidence.

The government's opposition fails to meet that record. On multiple grounds, they offer no substantive rebuttal, no denial of possession of exculpatory exhibits, and no explanation for contradictions between their own documents and their statements to this Court. That silence is a tacit admission under controlling Second Circuit law. Continuing to execute the remaining sentence in the face of such a record would be an injustice the law does not require.

Mr. Saint Clair now respectfully moves this Court to stay execution of his remaining sentence, including all conditions of supervised release, pending final adjudication of his motion under 28 U.S.C. § 2255, and to restore his ability to travel internationally by returning his passport.

This request is time-sensitive. Mr. Saint Clair has been invited to participate in imminent, fixed-date professional engagements, including a career position in the tech sector that requires travel, the World Economic Forum in Davos, and to finalize family relocation plans that cannot be deferred without permanent loss of opportunity. These events cannot be recovered later.

The record is fully developed. The government's opposition fails to rebut multiple constitutional grounds, and its silence in the face of its own contradictory exhibits constitutes tacit admission under Second Circuit precedent. Continuing to execute the sentence under these circumstances would cause irreparable harm and undermine the Court's ability to grant meaningful relief.

## LEGAL BASIS

Federal Rule of Criminal Procedure 38(b)(1) authorizes a stay of a sentence of imprisonment or supervised release pending resolution of a post-conviction motion. The Court also has inherent authority to expedite consideration where time-sensitive, irreparable harm is shown. See United States v. El-Hage, 213 F.3d 74 (2d Cir. 2000); United States v. DiSomma, 951 F.2d 494 (2d Cir. 1991).

The Court likewise has discretion under 18 U.S.C. § 3583(e)(1) and its supervisory powers to modify conditions of supervised release, including travel restrictions and passport retention, where the interests of justice so require.

## ARGUMENT

### I. The § 2255 Motion Presents Substantial, Unrebutted Constitutional Claims

**Fraud Upon the Court at Bail Hearing:** PX 08 (relocation check) and PX 09 (AUSA Fletcher's notes) prove the government knew of Mr. Saint Clair's Arizona relocation plans yet told the Court the opposite. No denial of authenticity or possession.

**Suppression of UN Affiliation Evidence:** DX 2 was mischaracterized and its evidentiary weight ignored, GX 2706 was altered to erase the same UN identifiers that the Government proceeded to cross examine Saint Clair on at trial. No Brady analysis offered.

**Constructive Amendment:** No reconciliation of indictment language with trial proof.

**Buried Exculpatory Clauses:** DX 29 provides defenses for Saint Clair's compensation, as well as a legal definition of the word "Affiliate" which was a recurring theme in the case that could have been defended by the turning past page one.

**Ineffective Assistance:** No substantive response to counsel's failure to use exculpatory exhibits, call key witnesses, or object to misstatements.

**Cumulative Error:** Entirely unaddressed.

On each of these grounds, the government's silence or conclusory treatment is a tacit admission that they cannot meet the merits.

## II. The Harm Is Immediate and Irreparable

**Professional:** Career opportunities in the tech sector, invitations to appear in San Marino, speak in Davos and other global panels are fixed-date opportunities that will be lost if travel restrictions remain and passport privileges are withheld.

**Family:** Relocation planning, educational continuity for children, and family stability are time-sensitive and cannot be deferred without lasting harm.

**Constitutional:** Every day of continued restraint under a conviction subject to vacatur, one with clear and compelling documentary evidence that demands relief, compounds the due process injury.

## III. Expedited Consideration and Restoration of Travel Rights Are Warranted

The record is complete; the issues are fully briefed. Expedited consideration will prevent irreparable harm without prejudicing the government, which has already had the opportunity to respond on the merits.

Restoring Mr. Saint Clair's passport and lifting travel restrictions are necessary to make the stay meaningful — without them, the professional and family opportunities at stake will be lost regardless of the Court's eventual ruling.

**RELIEF REQUESTED**

Mr. Saint Clair respectfully requests that this Court:

(I) **STAY EXECUTION OF THE REMAINING SENTENCE,** including all conditions of supervised release, pending final resolution of the § 2255 motion;

(II) **GRANT EXPEDITED CONSIDERATION OF THIS MOTION** in light of imminent, documented professional and family obligations;

(III) **RESTORE INTERNATIONAL TRAVEL RIGHTS** by lifting travel restrictions and ordering the return of Mr. Saint Clair's passport;

Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ASA SAINT CLAIR

*Pro Se Defendant*

(646) 707-4527

asastclair@outlook.com